# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

|  |  |
|---|---|
| WILLIAM CHRISTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-cv-4065 |
| ) | |
| CITY OF GENESEO ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

Before the Court is the Motion to Dismiss filed by the defendant, City of Geneseo, Illinois, on December 11, 2006 [Doc. 6]. For the reasons that follow, the motion is GRANTED.

### BACKGROUND

The amended complaint alleges that City of Geneseo police officers Thomas E. Daily and Casey J. Disterhoft prevented David Wyatt, an employee of Christman's Wildlife Services (CWS), from performing his job on account of his race. On October 4, 2004, Wyatt was "bat-proofing" the house of a Ms. Fehlman, at her request, when he was approached by the two officers. They told Mr. Wyatt to stop working because he was being investigated for scaring and taking advantage of Ms. Fehlman, who is Caucasian. Mr. Wyatt was ordered to leave Ms. Fehlman's property and he was effectively prevented from completing his work on that day. Pursuant to communications with Mr. Fehlman's son, however, Mr.

1

Wyatt returned to Ms. Fehlman's property and completed the work on October 18, 2004. This lawsuit followed.

The caption of the amended complaint lists the plaintiff as "WILLIAM CHRISTMAN Individually and d/b/a PREDATOR, INC., d/b/a CHRISTMAN'S WILDLIFE SERVICES, INC., an Iowa Corporation." The amended complaint asserts that jurisdiction is pursuant to 42 U.S.C. §§1981 and 1983. The amended complaint further assert that the "Cause of Action" is §1983. The plaintiff seeks compensatory and punitive damages.

## DISCUSSION

The defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that this Court lacks subject matter jurisdiction. In analyzing this claim, the Court will "accept all well-pleaded factual allegations in the plaintiff's complaint as true and draw all reasonable inferences in favor of the plaintiff." Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004) (citations omitted). As noted above, this lawsuit has not been brought by Mr. Wyatt, the person who was allegedly discriminated against, but rather by his employer. It is unclear from the amended complaint whether, in addition to William Christman, the corporate entities Predator, Inc. and/or CWS, are also plaintiffs to this action. Both parties appear to assume that CWS is a party to this lawsuit and have made arguments accordingly.

The defendant first argues that Mr. Christman does not have standing to sue. Along with mootness and ripeness, standing represents a basic jurisdictional requirement. Standing has three elements: injury in fact, a causal connection between the injury and the complained of conduct, and an injury that can be redressed by a favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992) (citations and quotation marks omitted). Mr. Christman must show that he has suffered a "concrete and particularized" and an "actual or imminent" injury that is not "conjectural or hypothetical." Id. (citations and internal quotations marks omitted). An injury is particularized if it "affect[s] the plaintiff in a personal and individual way." Id. at 560 n.1. It is wholly unclear from the amended complaint and the response to the motion to dismiss that Mr. Christman has standing to sue.

Mr. Christman states that he has suffered an injury in fact as the "sole owner" of CWS in that he was compelled to return some amount of money to Ms. Fehlman as a result of the police interference. From the caption of the amended complaint, CWS (and Predator) is incorporated. The amended complaint lists Mr. Wyatt as an employee of CWS who was acting in that capacity on the date in question. It is unclear how Mr. Christman, even as a sole owner, can recoup money that may be owed to the

3

corporation that billed Ms. Fehlman.[1]  That is, there is no showing that Mr. Christman can reach through the corporate form to sue in his own name for monies owed the corporation. See Flynn v. Merrick, 881 F.2d 446, 450 (7th Cir. 1989) (stating that "a plaintiff-shareholder cannot maintain a civil rights action for damages suffered by the corporation").  As such, Mr. Christman has not established that he has suffered an injury in fact -- an individual, direct injury -- that would give him standing to sue upon the facts outlined in the amended complaint.

The defendant next argues that the corporate entity, CWS lacks standing to sue.  As an initial matter, as indicated above, it is wholly unclear whether CWS is a party to this lawsuit.  The caption of the amended complaint does not list Mr. Christman separately from Predator, Inc. or CWS as each is doing business as the other, respectively.  The amended complaint, while listing CWS as Mr. Wyatt's employer, refers to a single plaintiff – i.e. "I hereby certify that I have not brought any other lawsuits . . . ," "I hereby certify that no action . . . ," and "Plaintiff prays for judgement [sic] against Defendant . . . ."  This single plaintiff is presumably Mr. Christman, himself.  In addition, neither of the corporate plaintiffs has filed a disclosure statement pursuant to Federal Rule of Civil

---

[1] There is no showing that Mr. Christman is a sole proprietor.

Procedure 7.1(a).  Therefore, this Court cannot find, at this stage of the proceedings that CWS is a party to this lawsuit.

Even if it can be inferred that CWS is a party to this lawsuit, CWS also must show injury, causation, and redressability in order to have standing.  It is unclear what injury CWS has suffered, pursuant to §1983, based on the alleged discrimination against Mr. Wyatt.  The plaintiff appears to indicate in his response brief that the corporation lost some amount of money as a result of the officers' actions.  However, such an allegation is not found in the amended complaint itself nor can it be reasonably inferred.  The amended complaint indicates that a check was returned for Ms. Fehlman; however, it goes on to say that Mr. Wyatt completed the job and was presumably paid for services rendered.  It is possible that, if a corporation can show standing, it is capable of suing under §1983 to secure its rights pursuant to the Fourteenth Amendment of the United States Constitution.  Fulton Market Cold Storage Co. v. Cullerton, 582 F.2d 1071, 1079 (7th Cir. 1978); See also Triad Associates, Inc. v. Chicago Housing Authority, 892 F.2d 583, 591 (7th Cir. 1989), *overruled on other grounds by* Board of County Com'rs, Wabaunsee County, Arkansas v. Umbehr, 518 U.S. 668 (1996).  It is also possible that CWS could file suit under §1981 pursuant to a theory that the officers interfered with its ability to contract because of an "imputed racial identity."

5

See <u>Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.</u>, 368 F.3d 1053, 1057-1060 (9th Cir. 2004). However, the amended complaint, as discussed *supra*, cannot be construed as asserting claims by CWS; nor does it state any such claims even if CWS was a party to this lawsuit. In light of this conclusion, the defendant's remaining argument need not be addressed.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss filed by the City of Geneseo, Illinois on December 11, 2006 is GRANTED [Doc. 6]. This matter is DISMISSED WITH PREJUDICE as to William Christman.


Entered this  7th  day of March, 2007

                                                    s/ Joe B. McDade
                                                    JOE BILLY McDADE
                                     United States District Judge